WILLARD K. TOM
General Counsel

SARAH SCHROEDER (CA Bar No. 221528)
MATTHEW GOLD (NY Bar No. 2073963)
901 Market Street, Suite 570
San Francisco, CA 94103
Telephone: (415) 848-5100
Facsimile: (415) 848-5184
e-mail: sschroeder@ftc.gov; mgold@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Oakland Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL AWARDS SERVICE ADVISORY, LLC, a limited liability company, also d/b/a Prize Information Bureau and Award Notification Bureau,<br><br>CENTRAL PROCESSING OF NEVADA, LLC, a limited liability company, also d/b/a Publishers Information Bureau and Consumer Reporting Services,<br><br>INTERNATIONAL AWARD ADVISORS, INC., a corporation,<br><br>SPECTRUM CAGING SERVICE, INC., a corporation,<br><br>PRIZE REGISTRY BUREAU, INC., a corporation,<br><br>CONSOLIDATED DATA BUREAU, INC., a corporation, also d/b/a Data Distribution Bureau, Inc.,<br><br>REGISTERED DATA ANALYTICS, INC., a corporation,<br><br>LLOYD BRANNIGAN EXCHANGE, INC., a corporation, | Case No. CV 10-5418 PJH<br><br>[~~PROPOSED~~]<br><br>**Preliminary Injunction With Asset Freeze and Other Equitable Relief** |

Preliminary Injunction, CV 10-5418 PJH

| | |
|---|---|
| 1 | GEOVANNI SORINO, individually and as an officer of NATIONAL AWARDS SERVICE ADVISORY, LLC, |
| 2 | |
| 3 | |
| 4 | JORGE A. CASTRO, individually and as an officer of CENTRAL PROCESSING OF NEVADA, LLC, |
| 5 | |
| 6 | TULLY A. LOVISA, individually and as an officer of INTERNATIONAL AWARD ADVISORS, INC., SPECTRUM CAGING SERVICE, INC., CONSOLIDATED DATA BUREAU, INC., PRIZE REGISTRY BUREAU, INC., and REGISTERED DATA ANALYTICS, INC., and |
| 7 | |
| 8 | |
| 9 | |
| 10 | STEVEN MCCLENAHAN, individually and as an officer of PRIZE REGISTRY BUREAU, INC., CONSOLIDATED DATA BUREAU, INC., REGISTERED DATA ANALYTICS, INC., and LLOYD BRANNIGAN EXCHANGE, INC., |
| 11 | |
| 12 | |
| 13 | |
| 14 | Defendants. |

Plaintiff Federal Trade Commission ("FTC"), filed a Complaint against Defendants (1) National Award Service Advisory, LLC; (2) Central Processing of Nevada, LLC; (3) International Award Advisors, Inc.; (4) Spectrum Caging Services, Inc.; (5) Prize Registry Bureau, Inc.; (6) Consolidated Data Bureau, Inc.; (7) Registered Data Analytics, Inc.; (8) Lloyd Brannigan Exchange, Inc.; (9) Geovanni Sorino; (10) Jorge A. Castro; (11) Tully A. Lovisa; and (12) Steven McClenahan ("Defendants"), seeking a permanent injunction and other equitable relief in this matter pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff concurrently applied *ex parte* for a temporary restraining order ("TRO") and for an order to show cause why a preliminary injunction should not be granted.

# FINDINGS OF FACT

The Court has considered the Complaint, Plaintiff's *Ex Parte* Application for a TRO, the memorandum in support of Plaintiff's application, other materials filed in support thereof, and all other papers filed herein, and it appears to the satisfaction of the Court that:

1. This Court has jurisdiction over the subject matter of this case. There is also good cause to believe that it will have jurisdiction over all parties hereto, and that venue in this district is proper.

2. There is good cause to believe that Defendants have engaged in and are likely to engage in acts that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that Plaintiff is likely to prevail on the merits of this action.

3. There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act, unless Defendants are restrained and enjoined by order of this Court.

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief in the form of permanent injunctive relief, rescission, restitution, disgorgement, or other equitable monetary relief will occur from the sale, transfer, or other disposition or concealment by Defendants of assets or business documents or records unless Defendants are restrained and enjoined by order of this Court.

5. Good cause exists for requiring Defendants to produce an accounting of their business assets, sworn financial statements, profit-and-loss statements, and an accounting of individual assets.

6. Considering Plaintiff's likelihood of ultimate success and weighing the equities, a Preliminary Injunction ("Order") with an asset freeze and other equitable relief is in the public interest.

7. No security is required of any agency of the United States for issuance of a Preliminary Injunction. Fed. R. Civ. P. 65(c).

# ORDER
# DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2. "Assisting others" means knowingly providing any of the following goods or services to another person: (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision, of any marketing material; (C) providing names of, or assisting in the generation of, potential customers; or (D) performing marketing services of any kind.

3. "Clearly and prominently" means, with regard to print advertisements, solicitations, or other promotional material, the disclosure shall be in a type size and location sufficiently noticeable for an ordinary consumer to read and comprehend it, in print that contrasts with the background against which it appears; in multi-page promotional materials, the disclosure shall appear on the cover or first page.

4. "Corporate Defendants" means National Award Service Advisory, LLC; Central Processing of Nevada, LLC; International Award Advisors, Inc.; Spectrum Caging Services, Inc.; Prize Registry Bureau, Inc.; Consolidated Data Bureau, Inc.; Registered Data Analytics, Inc.; Lloyd Brannigan Exchange, Inc.; and any entity or name through which they do business including, but not limited to, Prize Information Bureau, Award Notification Bureau, Publishers Information Bureau, Consumer Reporting Services, and Data Distribution Bureau.

5. "Defendants" means National Award Service Advisory, LLC; Central Processing of Nevada, LLC; International Award Advisors, Inc.; Spectrum Caging

1 Services, Inc.; Prize Registry Bureau, Inc.; Consolidated Data Bureau, Inc.;
2 Registered Data Analytics, Inc.; Lloyd Brannigan Exchange, Inc.; Geovanni Sorino;
3 Jorge A. Castro; Tully A. Lovisa; Steven McClenahan; and by any other names each
4 might be known by, as well as their successors and assigns, whether acting directly
5 or through any corporation, subsidiary, division, or other device, including, but not
6 limited to, fictitious business names.

7     6.    "Document" is equal in scope and synonymous in meaning to the terms
8 "document" and "electronically stored information," as described and used in
9 Federal Rule of Civil Procedure 34(a).

10     7.    "Financial institution" means any bank, savings and loan institution,
11 credit union, brokerage house, escrow agent, money market or mutual fund,
12 telephone or other common carrier, storage company, trustee or any other person,
13 partnership, corporation, or other legal entity maintaining or having control of any
14 records, accounts or other assets, owned directly or indirectly, of record or
15 beneficially, by any Defendant, including accounts or other assets which any
16 Defendant may control by virtue of being a signatory on said accounts.

17     8.    "Individual Defendants" means Geovanni Sorino; Jorge A. Castro;
18 Tully A. Lovisa; and Steven McClenahan.

19     9.    "Person" means a natural person, organization, or other legal entity,
20 including a corporation, partnership, proprietorship, association, cooperative, or any
21 other group or combination acting as an entity.

22     10.    "Plaintiff" means the Federal Trade Commission.

23     11.    "Prize promotion" means an oral or written representation, whether
24 express or implied, that a person has won, has been selected to receive, or may be
25 eligible to receive, or enter a contest to receive, a prize or purported prize, whether in
26 the form of money, merchandise, or anything of value.

12. The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive.

## I. PROHIBITED BUSINESS ACTIVITIES

**IT IS HEREBY ORDERED** that, in connection with a prize promotion or the advertising, marketing, promotion, or offering of a prize, including, but not limited to, through the use of such terms as "prize," "sweepstakes," "award," "lottery," "winnings," "gift," "bonus," "free," or terms of similar import and meaning, Defendants and their officers, directors, agents, servants, employees, salespersons, distributors, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby enjoined from:

A. Misrepresenting, or assisting others to misrepresent, expressly or by implication, that a consumer has won or will receive a prize, or that a prize will be given to a consumer, or the conditions under which a prize will or may be given;

B. Failing to disclose, clearly and prominently:

1. That such promotion is being distributed for the purpose of soliciting a purchase, if such is the case, along with a complete description of the goods or services being sold; and

2. That the consumer to whom the promotion is provided has not won a monetary or any other type of prize, if such is the case; and

C. Misrepresenting, or assisting others to misrepresent, directly or by implication, any fact material to a consumer's decision to participate in a prize promotion.

## II. ASSET FREEZE

**IT IS FURTHER ORDERED** that each of the Defendants is hereby temporarily restrained and enjoined, until further order of this Court, from:

A. Transferring, encumbering, selling, concealing, pledging, hypothecating, assigning, spending, withdrawing, disbursing, conveying, gifting, dissipating, or otherwise disposing of any funds, property, coins, lists of consumer names, shares of stock, or other assets, wherever located, that are (1) owned or controlled by any of the Defendants, in whole or in part; (2) in the actual or constructive possession of any of the Defendants; (3) held by an agent of any of the Defendants, as a retainer for the agent's provision of services to a Defendant; or (4) owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants;

B. Opening or causing to be opened any safe deposit boxes titled in the name of any of the Defendants, or subject to access by any of the Defendants; and

C. Incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of any of the Defendants, or any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants.

*Provided*, that the freeze imposed in this Section shall be construed to not apply to assets that the Individual Defendants acquire following service of the TRO or of this Order if the Individual Defendant can prove that such assets are not derived from activity prohibited by this Order.

## III. RETENTION OF ASSETS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, any business entity, or any other person having possession, custody, or control of any records of any of the Defendants, or of any account, safe deposit box, or other asset titled in the name of any of the Defendants, either individually or jointly or held for the benefit of any of the Defendants, or which has maintained any such account, safe

deposit box, or other asset at any time since January 1, 2008, who is served with a copy of this Order, or who otherwise has actual knowledge of this Order, shall:

    A.    Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any such account or other asset, except for transfers or withdrawals authorized in writing by counsel for Plaintiff, or by further order of this Court;

    B.    Deny access to any safe deposit box titled individually or jointly in the name of, or otherwise subject to access by, any of the Defendants;

    C.    Provide to counsel for the Commission, within five (5) business days after service of this Order, a statement setting forth:

        1.    the identification of each account or asset titled in the name, individually or jointly, or for the benefit of, any Defendant, whether in whole or in part;

        2.    the balance of each such account, or a description of the nature and value of such asset;

        3.    the identification of any safe deposit box that is either titled in the name of, individually or jointly, or is otherwise subject to access or control by, any Defendant, whether in whole or in part; and

        4.    for any account, safe deposit box, or other asset that has been closed or removed within one year from the date of entry of this Order, the date closed or removed and the balance on said date, if applicable; and

    D.    Upon request by counsel for Plaintiff, promptly provide Plaintiff with copies of all records or other documentation pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## IV.   FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that, if they have not already done so pursuant to the TRO, within fifteen (15) business days after service of this Order:

A.   Each of the Individual Defendants shall complete and deliver to Plaintiff the "Financial Statement of Individual Defendant," signed under penalty of perjury, and including all supporting documents requested in the Financial Statement of Individual Defendant, a copy of which was attached to the TRO as Attachment A;

B.   Each of the Individual Defendants shall, on behalf of each corporation or other entity of which he is the majority owner or otherwise controls,

   1.   complete and deliver to Plaintiff a separate copy of the "Financial Statement of Corporate Defendant," signed under penalty of perjury, and including all supporting documents requested in the Financial Statement of Corporate Defendant, a copy of which was attached to the TRO as Attachment B;

   2.   serve on counsel for the Commission a detailed accounting of:

      a.   all gross revenues obtained from sales connected with any prize promotion, from inception of sales through the date of the entry of this Order; and

      b.   the total number of sales connected with any prize promotion;

C.   Defendants shall provide the Plaintiff access to records and documents pertaining to assets of any of the Defendants that are held by financial institutions outside the territory of the United States by signing a Consent to Release of Financial Records, a copy of which is attached hereto as Attachment C; and

D.   Defendants shall provide to Plaintiff such other financial statements as Plaintiff may request in order to monitor Defendants' compliance with this Order.

## V.   REPATRIATION OF ASSETS

**IT IS FURTHER ORDERED** that, within five (5) business days after service of this Order, each Defendant shall:

    A.   Repatriate to the United States all funds, documents, or assets in foreign countries held, jointly or singly, either by, for the benefit of, or under the direct or indirect control of any Defendant;

    B.   On the same business day as any repatriation under Subparagraph A,

        1.   notify the Commission of the name and location of the financial institution or other entity that is the recipient of such funds, documents, or assets; and

        2.   serve this Order on any such financial institution or other entity;

    C.   Provide the Commission with a full accounting of all funds, documents, and assets outside of the territory of the United States held, jointly or singly, either by, for the benefit of, or under the direct or indirect control of any Defendant; and

    D.   Hold and retain all repatriated funds, documents, and assets and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds.

## VI.   INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section V of this Order, including but not limited to:

    A.   Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all assets have been fully repatriated pursuant to Section V of this Order; and

    B.   Notifying, or causing the notification of, any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this

Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section V of this Order.

## VII.     PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby enjoined from:

A.     Destroying, secreting, defacing, transferring, or otherwise altering or disposing, in any manner, directly or indirectly, any documents that relate to the business practices, or business or personal finances, of Defendants or any other entity directly or indirectly under the control of Defendants; or

B.     Failing to create and maintain books, records, and accounts which, in reasonable detail, accurately, fairly, and completely reflect the incomes, assets, disbursements, transactions and use of monies by any Defendant or other entity directly or indirectly under the control of any Defendants.

## VIII.     PROHIBITION ON RELEASE OF CUSTOMER INFORMATION OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, bank account number, e-mail address, or other identifying information of any person who paid money to any of the Defendants at any time prior to entry of this Order, *provided, however*, that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## IX. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that each Defendant shall:

A. Immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, distributor, agent, attorney, and representative of the Defendants, and to each printer, list broker, mailing service, ad agency, and other vendor with which Defendants have done business since January 1, 2008; and

B. Within ten (10) business days following service of this Order on each Defendant, provide the Commission with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities that such Defendant has served with a copy of this Order in compliance with Subparagrah A above.

## X. SERVICE OF THIS ORDER BY THE COMMISSION

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Mail, by employees of the Commission, employees of any other law enforcement agency, or agents of any process servers retained by the Commission on (1) any financial institution or any other person or entity that holds, controls, or maintains custody of any account, asset, or document of any Defendant, or (2) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any entity shall effect service upon the entire entity.

IT IS SO ORDERED

Dated: __12/15/10_____           _____
                                         PHYLLIS J. HAMILTON
                                         UNITED STATES DISTRICT JUDGE



IT IS SO ORDERED
Judge Phyllis J. Hamilton